CARRASQUILLO, PLAINTIFF AND APPELLANT, v. BERTRÁN ET AL.,
DEFENDANTS AND APPELLANTS.

APPEALS from the District Court of Humacao in Actions
for Damages.

Nos. 2501, 2306, 2443.—Decided July 28, 1921.

EJECTMENT—MESNE PROFITS—RES JUDICATA.—The plea of *res judicata* should
not be sustained against an action to recover mesne profits on the ground
that these were sued for in a previous action together with the properties
that produced them and the judgment allowing recovery of the properties
only sustained the complaint, when the fact is that in the said previous
action the parties stipulated that if the judgment should be favorable to
the plaintiff the value of the rents and profits which the ancestor of the
defendants received up to the time of his death in 1908 should be determined
by the court or by a referee designated by the court.

ID.—ID.—REFEREE—EVIDENCE.—The court having instructed the referees to base
their decision regarding the amount of the mesne profits on the testimony
of witnesses, an arbitrary decision by the referees ignoring the court's in-
structions and fixing the amount according to their own judgment, consider-
ing that their personal experience was sufficient, is null and void.

ID.—ID.—BAD FAITH.—The recovery of profits was properly allowed in this case
during the time that the properties were in the possession of the ancestor
of the defendants whose possession bore the stamp of bad faith, but not
after the defendants had acquired the properties by inheritance.

The facts are stated in the opinion.

*Messrs. F. Cervoni Gely* and *R. López Antongiorgi* for
the plaintiff.

*Messrs. F. González* and *C. Travecier* for the defendants.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The District Court of Humacao entered judgment on June
12, 1920, in an action for damages brought by Modesta Ca-
rrasquillo against María Margarita Juana Bertrán Carras-
quillo and others. The defendants appealed from that judg-
ment, the plaintiff appealed from a part of it and the de-
fendants appealed from a ruling of the court refusing to
grant a new trial in the said action. After an examination
of all of the questions involved, we think that they may be
and should be considered in one single opinion, disposing of
the three appeals by one single judgment.

In the complaint it is alleged that Modesta Carrasquillo is the daughter of Manuel María Carrasquillo, who died testate in Humacao on July 9, 1895; that in the partition of his estate conveyances were made to Juan Bertrán on February 25, 1896, in payment of $30,076.19, provincial currency, of various properties and interests which are described; that when these conveyances were made the plaintiff was a minor, notwithstanding which they were made without an authorization of court; that Bertrán took possession of the properties and died in March, 1908, his children, the defendants, succeeding him; that when the plaintiff became of age she and her brothers brought an action in 1915 for the annulment of the said conveyances and recovered a judgment against the defendants for restitution to the plaintiff of the shares belonging to her in the properties so conveyed and the judgment became final; that from the 25th of February, 1896, until the 15th of July, 1918, when the action was finally disposed of, the plaintiff was deprived of her properties by Bertrán and his successors, who received the products and profits belonging to the plaintiff; that the defendants and their predecessor had personal knowledge that their possession was unlawful, and that because of the fertility of the lands in question they produced during that period the sum of forty thousand dollars.

The defendants demurred to and answered the complaint, setting up, among other defenses, the plea of *res judicata.*

During the trial the parties agreed to submit the question of the amount of the profits to three arbitrators who were appointed by the court, one being proposed by the plaintiff, another by the defendants and the third by the court. On June 3, 1920, the said arbitrators presented a majority report, without having heard the parties and without any evidence having been submitted by the plaintiff, fixing the profits at $25,584.13. The court entered judgment for that sum.

The defendants pray for a reversal of the judgment on

two grounds: First, that the court erred in not sustaining their plea of *res judicata.* Second, that the court erred in approving the report of the arbitrators.

As regards the question of *res judicata,* it is true that the complaint in the former action shows that mesne profits were sued for, but it is also true that during the trial of that action the parties made the following stipulation a part of the record:

"That up to the time of his death in Humacao in May, 1908, Juan Bertrán *was receiving* the products of the properties referred to in the complaint, and *that the value of those rents and profits shall be determined by the court or by a referee appointed by the court after judgment, if it should be favorable to the plaintiff.*" (Italics volunteered.)

And in fact judgment was in favor of the plaintiff. The express language thereof, in so far as pertinent, is as follows: ". . . . renders judgment sustaining the complaint in this case."

The fact that in the judgment no express pronouncement was made that the defendants should pay for the products can not be considered as an implied refusal so to adjudge or be invoked here as a plea of *res judicata.* On the contrary, the stipulation and the judgment clearly demonstrate that the parties and the court acted on the assumption that the products would follow the judgment if it should be in favor of the plaintiffs. That was the interpretation of the lower court and it should be observed that the judge who gave judgment in the action brought in 1915 is the same judge who decided the case now before us for consideration.

It is true that the plaintiff could and should have sued for the recovery of the profits in the first action, but the error committed in bringing a separate action for that purpose is not, we think, fatal to her rights. It has not been shown that the defendants were prejudiced in any manner.

Let us examine the second error assigned. It appears

from the record that as the parties agreed to submit the determination of the amount of the profits claimed to arbitration, the court appointed three arbitrators, one proposed by each of the parties and the other by the court, "setting the 13th of March, 1920, at 2 p. m. for a meeting in the courtroom of the arbitrators and the submission by the parties of such evidence as may be pertinent." The court gave ample instructions to the arbitrators and thereafter the following occurred:

"Attorney Cervoni: I ask the court to inform the arbitrators and myself whether the arbitrators must hear the testimony of witnesses. The court has instructed them that they may do so, but if they, as farmers familiar with these lands, should agree among themselves, would that be sufficient?

"Judge: No; they are not arbitrators of the controversy, but they must base their decision on the testimony of witnesses, apart from the other documentary evidence. In other words, the arbitrators are in the same position as the court would be and must decide from the evidence submitted. For example, the court reaches the conclusion that such and such an amount should be paid, and instead of deciding for itself, it will decide from what they find from the evidence."

Some time thereafter the arbitrators submitted their report, which contains the following paragraph:

"We report that as the questions submitted to us are such as can be decided from our own agricultural experience, there has been no need for us to hear the testimony of witnesses, that being unnecessary."

The appellants complain of that action and in our opinion they are right. The arbitrators should have met to hear such evidence as the parties had to offer. It does not appear that they did so, and the error committed is evident.

Ruling, therefore, on the appeal taken by the defendants, the judgment must be reversed and the case remanded for further proceedings not inconsistent herewith.

The ground of the appeal by the plaintiff is that judgment should have been given for the profits not only during the time of Bertrán's possession of the properties, but also during the time of the possession of the defendants as the heirs of Bertrán. In giving its instructions the district court distinguished the period of possession by Bertrán from that of possession by his heirs and instructed the arbitrators to inquire into and determine only the amount of the profits during the former period, because only Bertrán's possession could be considered as in bad faith.

The plaintiff maintains that the view taken by the court is erroneous. On the contrary, we are of the opinion that that view was in accordance with the facts, the law and jurisprudence. See the case of *Longpré* v. *Díaz,* 237 U. S. 512.

As to the appeal taken by the defendants from the ruling refusing to grant a new trial, it will suffice to say that it is unnecessary to consider it after what has been said, inasmuch as the judgment is reversed and the case remanded for further proceedings.

*Reversed and remanded.*

Chief Justice Hernández and Justice Hutchison concurred.

Justices Wolf and Aldrey concurred in the reversal, but were of opinion that the complaint should have been dismissed.